# Exhibit A

**DEFENDANT COLONIAL PENN LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL**

LAW OFFICES OF ZEV B. ZYSMAN
A Professional Corporation
Zev B. Zysman (176805)
zev@zysmanlawca.com
15760 Ventura Boulevard, Suite 700
Encino, CA 91436
Telephone: (818) 783-8836

LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Todd M. Friedman (216752)
tfriedman@toddflaw.com
Adrian R. Bacon (280332)
abacon@toddflaw.com
21031 Ventura Boulevard, Suite 340
Woodland Hills, CA 91364
Telephone: (323) 306-4234

*Attorneys for Plaintiff and
the Proposed Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| MARK COLE, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>**STATUTORY DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT



Plaintiff Mark Cole ("Plaintiff"), brings this action against Defendant Colonial Penn Life Insurance Company and DOES 1-100 (collectively referred to as "Colonial Penn" or "Defendant") on behalf of himself, and all others similarly situated, upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTION

1. This class action arises out Defendant's policy and practice to record, without the consent of all parties, telephone calls made to Defendant's toll-free customer service telephone number in violation of California's Invasion of Privacy Act, California Penal Code §630, *et seq.* Defendant's toll-free number – 877-877-8052 – is referred to as "Defendant's customer service sales number." During the relevant time period, Defendant intentionally and surreptitiously recorded telephone communications made to Defendant's customer service sales number. Defendant did so without warning or disclosing to inbound callers that their calls might be recorded.

2. Defendant's policy and practice of recording telephone conversations without the consent of all parties violates the California Invasion of Privacy Act (Penal Code §§ 630, *et seq.* ("CIPA")). Specifically, Defendant's acts and practices violate Penal Code § 632.7. Penal Code § 632.7 is violated the moment the recording of a telephone communication is made without the knowledge or consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law, or to invade the privacy rights of any other person. Moreover, there is no requirement under Penal Code § 632.7 that the communication be confidential.

3. Penal Code § 630, *et seq.* plays an important role in protecting the privacy of California residents. As recognized by the California Supreme Court, secret recording "denies the speaker an important aspect of privacy of communication – the right to control the nature and extent of the firsthand dissemination of his statements." *Ribas v. Clark*, 38 Cal. 3d 355, 361

CLASS ACTION COMPLAINT 1

(1985) (citations omitted). The California Supreme Court has declared that California has a "strong and continuing interest in the full and vigorous application" of the provisions that prohibit "the recording of telephone conversations without the knowledge or consent of *all* parties to the conversations." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 126 (2006) (italics in original). In *Kearney*, the California Supreme Court explained that if a company wants to record calls as part of its routine business activity, it can avoid liability by giving an appropriate warning at the beginning of each call. "A business that adequately advises all parties to a telephone call, at the outset of the conversation, of its intent to record the call would not violate the provision." *Id* at 118. Furthermore, businesses can take unfair advantage of consumers if they do not disclose that the calls are being recorded, by "selectively disclosing recordings when disclosure serves the company's interest, but not volunteering the recordings' existence (or quickly destroying them) when they would be detrimental to the company..." *Id* at 126. The California Supreme Court has declared that Penal Code § 632.7 makes it illegal to record *any* communication involving cellular or cordless telephones without regard to whether the communication is "confidential." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 771, fn. 2 (2002). Moreover, in *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 202-203 (2021), the California Supreme Court held that Penal Code "section 632.7 prohibits parties as well as nonparties from intentionally recording a communication transmitted between a cellular or cordless telephone and another device without the consent of all parties to the communication."

4. As a result of Defendant's violations, all individuals, who called Colonial Penn's customer service sales number, while they were in California and were recorded by Defendant surreptitiously and without disclosure are entitled to an award of statutory damages as set forth in Penal Code § 637.2 and injunctive relief as detailed therein.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the cause of action asserted herein pursuant to Article VI, § 10 of the California Constitution, California Penal Code §§ 632.7 and 637.2. In the aggregate, the damages caused to the members of the Class as defined below

exceed the jurisdictional minimum of this Court, but neither the Plaintiff nor any member of the Class individually has suffered damages of, at least, $75,000.

6. This Court has personal jurisdiction over the Defendant named herein because Defendant does sufficient business in California, has sufficient minimum contacts with California or otherwise intentionally avails itself of the markets within California through its sales, advertising and marketing to render the exercise of jurisdiction by California courts and the application of California law to the claims of the Plaintiff permissible under traditional notions of fair play and substantial justice. Specifically, Defendant advertises, markets and sells its insurance products through a variety of media formats in a massive multi-prong advertising campaign, including in digital, print, television commercials and mail which target consumers throughout California. Moreover, on information and belief, Defendant is licensed to do business in California and is registered with the California Department of Insurance. Further, there is no federal question at issue as the claims herein are based solely on California law.

7. Venue is proper in this Court since because California Code of Civil Procedure §§395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the State that plaintiff desires. On information and belief, as of the date this Complaint is filed, Defendant is a foreign business entity that has failed to designate a principal place of business in California with the office of the Secretary of State.

**THE PARTIES**

**A.   Plaintiff**

8. Plaintiff Mark Cole (herein referred to as "Plaintiff") is an individual and resident of California. It is alleged that on September 7, 2023 and September 15, 2023, while Plaintiff was physically present in the State of California, he called Colonial Penn's customer service sales number 877-877-8052 and had telephonic communications with live representatives of Defendant while using his cellular telephone. Plaintiff is informed and believes and thereon

CLASS ACTION COMPLAINT                             3

alleges, that the communications were surreptitiously recorded by Defendant, without first providing him notice and without first obtaining his consent to record the telephone communications.

### B.   Defendant

9.   Defendant Colonial Penn Life Insurance Company is a Pennsylvania corporation, with its headquarters located in Philadelphia, Pennsylvania. Colonial Penn is a leading life insurance company and offers its permanent whole life policies and guaranteed acceptance life insurance policies through inbound telephone calls with captive live agents, online, and mail in California and throughout the United States as part of its direct-to-consumer strategies. Colonial Penn advertises and markets its insurance products through a wide range of formats, including in digital, print, television commercials, internet, and mail, which is aimed at California consumers.

10.   Plaintiff is informed and believes, and based thereon alleges, that Defendant's employees, agents, and representatives were and are directed, trained and instructed to, and do, record incoming telephone communications between the customer service representatives and callers, including California callers.

### C.   Doe Defendants

11.   The true names and capacities of defendants sued in this Complaint as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this Complaint to reflect the true names and capacities of the defendants designated herein as DOES 1 through 100 when such identities become known. For ease of reference, Plaintiff will refer to the named defendant Colonial Penn Life Insurance Company and the DOE defendants collectively as "Defendants."

### D.   Agency/Aiding And Abetting

12.   At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting within the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

13. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

14. Whenever reference is made in this Complaint to any act of "Colonial Penn" or "Defendant," such shall be deemed to mean that officers, directors, agents, employees, or representatives of the Defendant named in this lawsuit committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendant and did so within the scope of their employment or agency.

## CONDUCT GIVING RISE TO THE VIOLATIONS OF THE LAW

**A.     Plaintiff's Contact with Defendant**

15. On September 7, 2023 and thereafter on September 15, 2023, while located at his residence within California, Plaintiff placed telephone calls to Defendant and while using his cellular telephone. On both occasions, Plaintiff called Colonial Penn's toll-free customer service sales number at 877-877-8052. During the call on September 7, 2023, Plaintiff obtained information with a live representative of Defendant about Colonial Penn's whole life insurance policies and obtained a quote for a policy. Thereafter, on September 15, 2023, Plaintiff called Colonial Penn's customer service sales number at 877-877-8052 and confirmed details of the original quote and had additional inquiries about Colonial Penn's life insurance products with a live representative of Defendant. Plaintiff is informed and believes, and based thereon alleges,

that the toll-free telephone number connected Plaintiff to Defendant's customer service sales representatives.

16. During these inbound telephone communications with employees, agents, or representatives of Defendant, Plaintiff revealed sensitive, private, and confidential information, including but not limited to his full name, date of birth, home address, and email address. At no point during these inbound telephone communications was Plaintiff ever informed that his communications were being recorded. At no point during the inbound telephone communications did Plaintiff give his consent for the telephone communications to be recorded, and he was entirely unaware that Defendant was engaged in that practice during the telephone communications. On information and belief, these inbound telephone communications were recorded by Defendant, without Plaintiff's knowledge or consent.

**B.     Defendant's Conduct Violated Penal Code Penal Code § 632.7**

17. Plaintiff is informed and believes and thereon alleges, that Defendant recorded said inbound telephone communications. Defendant failed to verbally warn Plaintiff, at the outset of the telephone communications, of Defendant's intent to record the communications. Defendant failed to provide an automated, pre-recorded warning at the call outset or a periodically repeated, audible "beep tone" or other sound throughout the duration of the telephone communications to warn Plaintiff that the communications were being recorded. Plaintiff did not give, and could not have given consent for the telephone communications to be recorded because she was entirely unaware that Defendant was engaged in that practice during the telephone communications.

18. Because Defendant failed to warn Plaintiff at the outset of the telephone communications that the communications were being recorded and her consent for recording of the telephone communications never was sought, Plaintiff had an objectively reasonable expectation that his telephone communications with Defendant's employees, agents, or representatives were not being recorded. That recording occurred without his consent, is highly

offensive to Plaintiff and would be highly offensive to a reasonable person, including members of the Class proposed herein.

19. Plaintiff is further informed and believes and thereon alleges, that during the Class Period, Defendant has intentionally utilized certain computer hardware and/or software technology and/or other equipment ("Call Recording Technology") to execute a company-wide policy and practice of recording inbound telephone communications with callers, including California callers.

20. Plaintiff is further informed and believes and thereon alleges, that Defendant installed and/or utilized Call Recording Technology on its consumer-facing telephone line. This Call Recording Technology enabled Defendant to record telephone communications with callers, including California callers, and allowed them to store these recordings for various purposes.

21. Plaintiff is further informed and believes and thereon alleges, that Defendant's employees, agents, and representatives were and are directed, trained, and instructed to, and did record inbound telephone communications made to Colonial Penn's toll-free customer service sales number at 877-877-8052 from California callers, including Plaintiff, without their consent.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22. Plaintiff brings this lawsuit on behalf of an ascertainable statewide Class consisting of the following (the "Class"):

> All persons who, while located in California at any time during the one-year period of time preceding the filing of the Complaint in this matter and until said practice is terminated ("Class Period"), called Defendant's customer service sales number, from a cellular or cordless telephone, engaged in a telephone conversation with Defendant's employee(s) or representative(s) and were recorded by Defendant without warning or disclosure at the call outset.

///
///

CLASS ACTION COMPLAINT                            7

23. Excluded from the Class are all employees of Defendant, all attorneys and employees of Defendant's counsel, all attorneys and employees of Plaintiff's Counsel, and the judicial officers to whom this matter is assigned and their staff.

24. Plaintiff reserves the right under Rule 3.765 of the California Rules of Court to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or propose or eliminate subclasses, in response to facts learned through discovery, legal argument advanced by Defendant, or otherwise.

25. This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure § 382, and case law thereunder, to which the California trial courts have been directed by the California Supreme Court to look for guidance.

26. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff estimates that there are more than 100 persons. Moreover, Plaintiff alleges that the precise number of Class members and their location can be ascertained though appropriate discovery and records held by Defendant and/or Defendant's telephone company's and/or other telecommunications and toll-free service providers' records regarding calls from California area codes to Defendant's toll-free customer service sales telephone number. Such records, including without limitation call detail records, purchase records, customer records, call lists, and the secret recordings themselves, can be used to determine the size of the Penal Code § 632.7 Class and to determine the identities of individual Penal Code § 632.7 Class members. This information may then be used to contact potential Class members.

27. There is a well-defined community of interest in the questions law and fact affecting the parties represented in this action.

28. Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual members of the Class.

CLASS ACTION COMPLAINT            8

29. Among the questions of law and fact common to the Class are, *inter alia*:

a. Whether Defendant has or had a policy and practice of recording inbound telephone calls made to Colonial Penn's customer service sales number at 877-877-8052;

b. Whether Defendant installed Call Recording Technology to implement its policy of recording inbound telephone calls with callers;

c. Whether Defendant's employees, agents, or representatives were directed, trained, and instructed to, and did, record inbound telephone calls with callers in order to implement the Defendant's policy and practice of recording telephone calls with callers;

d. Whether Defendant's policy and practice of recording inbound telephone calls included a policy and practice of warning Class members, including the Plaintiff, at the outset of each recorded telephone call that the telephone call was being recorded;

e. Whether Defendant failed to warn Class members who participated in an inbound telephone call with the Defendant that the telephone call was being recorded;

f. Whether Defendant has or had a policy or practice of not obtaining consent to record telephone calls made to Colonial Penn's customer service sales number at 877-877-8052;

g. Whether Defendant's recording of Plaintiff's and Class members' inbound telephone calls without warning or disclosure at the call outset constitutes violations of California Penal Code § 632.7;

h. Whether Plaintiff and each Class member are entitled to statutory damages of five thousand dollars ($5,000) under California Penal Code § 637.2(a)(1) for each violation of California Penal Code § 632.7; and

i. Whether Plaintiff and Class members are entitled to injunctive relief under California Penal Code § 637.2(b) to enjoin or restrain the Defendant from committing further violations of California Penal Code § 632.7.

30. Plaintiff's claims are typical of the claims of all of the other members of the Class. Plaintiff's claims and the Class member's claims are based on the same legal theories and arise

from the same unlawful conduct, resulting in the same injury to Plaintiff and to all of the other Class members.

31.  Plaintiff will fairly and adequately represent the interests of the Class, he has no conflicts of interest with other Class members, is subject to no unique defenses, and has retained counsel competent and experienced in the prosecution of complex litigation and class actions.

32.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the damages suffered by each Class member are low, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate. Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

33.  The prosecution of individual actions by California Penal Code § 632.7 Class members would run the risk of establishing inconsistent standards of conduct for Defendant.

34.  Defendant has acted, or refused to act, on grounds generally applicable to the Class, thereby making injunctive relief and statutory damages pursuant to California Penal Code § 637.2 appropriate with respect to the Class as a whole. Likewise, Defendant's conduct as described above is unlawful, capable of repetition, and could continue unless restrained and enjoined by the Court.

35.  Plaintiff explicitly reserves the right to add additional class representatives, provided that Defendant is given an opportunity to conduct discovery on the chosen representative(s). Plaintiff will identify and propose class representatives with the filing of Plaintiff's motion for class certification.

///

///

///

CLASS ACTION COMPLAINT                     10

## FIRST CAUSE OF ACTION

## FOR VIOLATIONS OF CALIFORNIA PENAL CODE § 632.7

**(By Plaintiff and the Class Against Defendant Colonial Penn Life Insurance Company and DOES 1 through 100, Inclusive)**

36. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs above as if fully set forth herein and further alleges as follows.

37. On September 7, 2023 and thereafter on September 15, 2023, and while physically present in California, Plaintiff used his cellular telephone to dial Defendant's 877-877-8052 customer service sales number and participated in telephone communications with Defendant's live customer service sales representatives.

38. Plaintiff alleges on information and belief that, within the applicable statute of limitations, Plaintiff and the Class members, while physically present in California, called Defendant's customer service sales number 877-877-8052 and participated in telephone communications with live representatives of Defendant while using a cellular or cordless telephone, which communications were recorded by Defendant without the consent of Plaintiff and the Class members. Defendant did not notify Plaintiff and the Class members at the call outset that their communications were being recorded. Nor did Defendant provide an automated, pre-recorded warning at the call outset that their communications were being recorded. Further, there were no beeps or similar sounds throughout the duration of the telephone communications that would lead Plaintiff and the Class members to believe that their communications were being recorded.

39. Penal Code § 632.7 prohibits the intentional recording of *any* communication without the consent of all parties where at least one of the parties to the communication is using a cellular or cordless telephone. There is no requirement under Penal Code § 632.7 that the communication be confidential. Defendant violated Penal Code § 632.7 in its telephone communications with Plaintiff and the Class during the Class Period. Plaintiff is informed and believes and thereon alleges that, Defendant as a standard business practice, has intentionally

CLASS ACTION COMPLAINT 11

made use of a Call Recording Technology that enabled Defendant to surreptitiously record communications with Plaintiff and the Class members, that were made to telephone number 877-877-8052 on cellular or cordless telephones, without obtaining their consent.

40. Because Defendant did not disclose to Plaintiff or Class members who called the telephone number 877-877-8052, at the call outset, that their calls were being recorded, Defendant did not obtain, and could not have obtained, Plaintiff or Class members consent to the recording of those conversations. Indeed, Plaintiff and the Class had an objectively reasonable expectation that their calls were not being recorded. That expectation and its objective reasonableness arises, in part, and is supported by the fact that: (1) Defendant is required by law to inform persons it receives calls from, at the outset of the communication, of its intent to record the calls; (2) Businesses that record telephone calls customarily do so inform the persons they call or receive calls from, at the outset of the communication; and (3) Defendant did not inform Plaintiff and Class members who called 877-877-8052, at the outset of the communications, that their telephone communications were being recorded, nor did Defendant seek to obtain their consent to record. In the business-call context, the California Supreme Court has stated, "in light of the circumstances that California consumers are accustomed to being informed at the outset of a telephone call whenever a business entity intends to record the call, it appears equally plausible that, in the absence of such an advisement, a California consumer reasonably would anticipate that such a telephone call is *not* being recorded, particularly in view of the strong privacy interest most persons have with regard to the personal financial information frequently disclosed in such calls." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 118 (2006).

41. Due to these violations as set forth herein, Plaintiff and Class members are entitled to an award of five thousand dollars ($5,000) per violation pursuant to California Penal Code § 637.2(a)(1), even in the absence of proof of actual damages, an amount deemed proper by the California Legislature. Plaintiff and the Class are also entitled to injunctive relief to enjoin further violations pursuant to California Penal Code § 637.2(b).

///

///

42. Plaintiff and Class members are entitled to recover reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, prays for judgment against Defendant as follows:

1. For an order certifying this matter as a class action;

2. For an order declaring that Defendant's actions, as described herein, violate California Penal Code § 632.7;

3. For an order awarding Plaintiff and each member of the Class statutory damages of five thousand dollars ($5,000) per violation under California Penal Code § 637.2(a)(1);

4. For appropriate injunctive relief under California Penal Code § 637.2(b);

5. For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

6. For costs of the suit incurred herein;

7. For prejudgment interest at the legal rate; and

8. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for Plaintiff and the Class on all claims so triable.

Dated: November 20, 2023

LAW OFFICES OF ZEV B. ZYSMAN, APC
LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: _____
Zev B. Zysman
Todd M. Friedman
Adrian R. Bacon

*Attorneys for Plaintiff and the Class*

CLASS ACTION COMPLAINT        13