Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd. Suite 340
Woodland Hills, CA 91364
Phone: 877-619-8966
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Zev B. Zysman (SBN 176805)
**LAW OFFICES OF ZEV B. ZYSMAN, APC**
15760 Ventura Boulevard, Suite 700
Encino, CA 91436
Phone: 818-783-8836
zev@zysmanlawca.com
*Attorneys for Plaintiff*

## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK COLE, on behalf of himself and all other similarly situated and aggrieved, | Case No. 2:23-cv-02993- DC-AC |
| Plaintiff, | <u>**CLASS ACTION**</u> |
| v. | **PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** |
| COLONIAL PENN LIFE INSURANCE COMPANY; and DOES 1 to 50, inclusive , | |
| Defendants. Defendant. | Assigned to the Hon. Dena M. Coggins |
| | **DATE:    SEPTEMBER 19, 2025**<br>**TIME:    1:30 PM**<br>**COURTROOM:** 8 |
| | [Filed and Served concurrently with Declaration of Todd M. Friedman; Declaration of Zev Zysman; |

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

LEGAL02/46312499v1

Declaration of Settlement
Administrator; [Proposed] Order

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, September 19, 2025 at 1:30 p.m., before the United States District Court, Eastern District of California, Courtroom 8, 501 I Street, Sacramento, California 95814 (13th Floor), plaintiff Mark Cole ("Plaintiff") will move this Court for an order granting preliminary approval of the class action settlement and certification of the settlement class as detailed in Plaintiff's Memorandum of Points and Authorities.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the declarations and exhibits thereto, the Complaint, all other pleadings and papers on file in this action, and upon such other evidence and arguments as may be presented at the hearing on this matter.

Date: July 18, 2025

**The Law Offices of Todd M. Friedman, PC**

By: _/s/ Todd M. Friedman_
Todd M. Friedman
*Attorneys for Plaintiffs*

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

LEGAL02/46312499v1

1

## TABLE OF CONTENTS

2 INTRODUCTION ..............................................................................1

3 STATEMENT OF FACTS.................................................................3

4       Factual Background .................................................3

5       Proceedings to Date ................................................3

6

7       Statement of Facts ...................................................4

8           The Settlement Class ..........................................4

9               The Settlement Class ....................................4

10       Settlement Payment ...............................................5

11       Monetary Benefit to Class Members and Class Notice ...................5

12       Scope of Release .....................................................7

13       Opportunity to Opt Out and Object...........................7

14       Payment of Notice and Administrative Costs .................................8

15       Class Representative's Application for Incentive Award ..............8

16       Class Counsel's Application for Attorneys' Fees, Costs and
            Expenses .........................................................8

17

18       Cy Pres Distribution................................................9

19 ARGUMENT ..................................................................................9

20       The Legal Standards for Preliminary Approval of a Class Action

21           Settlement...........................................................9

22       Liability is Highly Contested and Both Sides Face Significant

23           Challenges in Litigating this Case ...............................12

24       Defendant's Agreement to Finance the Common Benefit Fund

25           Provides a Fair and Substantial Benefit to the Class ..............12

26       The Settlement was Reached as the Result of Arms-Length

27           Negotiation, Without Collusion, with the Assistance of the

28

Mediator ...................................................................................12

The Court Should Preliminarily Certify the Class for Purposes of
    Settlement ...........................................................................14

The Proposed Class is Numerous. .......................................15

The Commonality Requirement is Satisfied, Because Common
    Questions of Law and Fact Exist. ...................................15

The Typicality Requirement is Met. ....................................16

The Adequacy Requirement is Satisfied. .............................16

Common Questions Predominate, Sufficient to Certify a Class for
    Settlement Purposes Only. ...............................................17

Class Treatment for Settlement Purposes is Superior to Individual
    Resolutions. .......................................................................17

The Proposed Class Notice is Consistent with Ninth Circuit
    Requirements and Provides Adequate Notice for Claims,
    Objections and Opt Outs. ................................................19

The Court Should Preliminarily Certify the Class for Purposes of
    Settlement. .........................................................................22

The Court Should Appoint Epiq Systems, Inc. as the Settlement
    Administrator .....................................................................22

Final Approval Hearing Should be Scheduled ...................22

CONCLUSION............................................................................23

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

ii

# Table of Authorities

**Cases**

*Amchem Prods. Inc. v. Woodward,*

    521 U.S. 591 (1997) ................................................................21

*Barani v. Wells Fargo Bank, N.A.,*

    2014 WL 1389329 (S.D. Cal. Apr. 9, 2014) ...........................24

*Boyd v. Bechtel Corp.,*

    485 F. Supp. 610 (N.D. Cal. 1979).........................................12

*Dennis v. Kellogg Co.,*

    2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010)...........................16

*Elkins v. Equitable Life Ins. of Iowa,*

    1998 WL 133741 (M.D. Fla. Jan. 27, 1998) ..........................22

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998) ............................. passim

*Harris v. Palm Springs Alpine Estates, Inc.,*

    329 F.2d 909  (9th Cir. 1964).................................................17

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.,*

    163 F.R.D. 200 (S.D.N.Y. 1995).............................................11

*Kirkorian v. Borelli*, 695 F.Supp.

    446 (N.D. Cal.1988) ...............................................................12

*Lerwill v. Inflight Motion Pictures, Inc.,*

    582 F.2d 507 (9th Cir. 1978)..................................................26

*Linney v. Cellular Alaska P'ship,*

    151 F.3d 1234 (9th Cir. 1998) ...............................................13

*Lo v. Oxnard European Motors, LLC,*

    2012 WL 1932283 (S.D. Cal. May 29, 2012) ......................23

Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.,

    244 F.3d 1152 (9th Cir. 2001) .......................................20, 21

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

iii

*Lundell v. Dell, Inc.*,

    2006 WL 3507938 (N.D. Cal. Dec. 5, 2006) ........................................15

*Marshall v. Holiday Magic, Inc.*,

    550 F.2d 1173 (9th Cir. 1977) ........................................................25

*Milliron v. T-Mobile USA, Inc.*,

    2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009).......................16

*Mullane v. Central Hanover Bank & Trust Co.*,

    339 U.S. 306 (1950) .......................................................................23

*Officers for Justice v. Civil Service Comm'n*,

    688 F.2d 615 (9th Cir. 1982) ...........................................10, 12, 15

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*,

    323 F. Supp. 364 (E.D. Pa. 1970).........................................12

*Rodriguez v. West Publishing Corp.*,

    563 F.3d 948 (9th Cir. 2009) ..............................................15

*Schaffer v. Litton Loan Servicing, LP*,

    2012 WL 10274679 (C.D. Cal. Nov. 13, 2012) ......................23

*Silber v. Mabon*,

    18 F.3d 1449 (9th Cir. 1994) .................................................22

*Strube v. Am. Equity Inv. Life Ins. Co.*,

    226 F.R.D. 688 (M.D. Fla. 2005) ........................................22

*Torrisi v. Tucson Electric Power Co.*,

    8 F.3d 1370 (9th Cir. 1993) ..................................................25

*Utility Reform Project v. Bonneville Power Admin.*,

    869 F.2d 437 (9th Cir. 1989) ................................................10

*Valentino v. Carter-Wallace*,

    97 F.3d 1227 (9th Cir. 1996) ...............................................21

*Wehner v. Syntex Corp.*,

    117 F.R.D. 641 (N.D. Cal. 1987) .........................................19

PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

*West Va. v. Chas. Pfizer & Co.*,

    440 F.2d 1079  (2d Cir. 1971) ...........................................................................12

*Wireless Facilities, Inc. Sec. Litig. II*,

    253 F.R.D. 607 (S.D. Cal. 2008)...........................................................15, 17, 19

*Zincser v. Accufix Research Institute, Inc.*,

    253 F.3d 1188 (9th Cir. 2001) .........................................................................20

**Statutes**

28 U.S.C. § 1715 ....................................................................................2, 5, 8, 23

California Invasion of Privacy Act – Cal. Penal Code § 632.7 .................................3

Fed. Rule of Civil Procedure. 23(e) ............................................................................9

Federal Rule of Civil Procedure 23(b)(3) ..................................................... passim

**Other Authorities**

2 Newberg on Class Actions (4th Ed. & Supp. 2002) ............................................13

Manual for Complex Lit., Fourth..............................................................................13

*Manual for Complex Litigation* (Fourth) (Fed. Judicial Center 2004)...............9, 10

*Moore's Federal Practice – Civil* § 23.165[3] (3d ed.)..........................................10

*Newberg on Class Actions* § 11.25 *et seq*., and § 13.64 (4th ed. 2002 and Supp.

    2004) ......................................................................................................................9

**PLAINTIFF'S NOTICE OF MOTION & MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**

v

## MEMORANDUM OF POINTS & AUTHORITIES

I.   INTRODUCTION

Plaintiff Mark Cole (hereinafter "Plaintiff", "Cole" or "Class Representative"), individually and on behalf of the "Settlement Class" (as defined below), hereby submits this motion for preliminary approval of a proposed settlement of this action (the "Action") and for certification of the proposed Settlement Class. Defendant Colonial Penn Life Insurance Company (hereinafter referred to as "Colonial Penn" or "Defendant") does not oppose the relief sought in Plaintiff's motion (Plaintiff and Defendant shall collectively be referred to as the "Parties"). The terms of the Settlement are set forth in the Settlement Agreement and Release (hereinafter the "Settlement").[1] *See Declaration of Todd M. Friedman* (*"Friedman Decl.*), ¶ 12, Ex. A.

The proposed Settlement resulted from the Parties' participation in an all-day mediation session before the Honorable Wayne R. Andersen (Ret) of JAMS in Chicago, Illinois and subsequent hard-fought settlement discussions, which occurred over ten months. The Settlement provides for a substantial financial benefit to the Settlement Class Members. The Settlement Class consists of: All individuals who called any of the Affected Colonial Penn Telephone Numbers from a California area code between November 22, 2022 and January 13, 2024 (the "Class Period"). The Settlement Class comprises approximately 47,503 individuals.

The compromise Settlement, reached with the guidance of Judge Andersen, will create a non-reversionary Settlement Fund to be established by Defendant in the amount of $3,725,000. The amount of the Settlement Fund shall not be reduced as a result of any member(s) of the Settlement Class electing to opt out or be excluded from the Settlement or for any other reason. The Settlement Fund will pay for a Settlement Administrator, Simpluris, which will be responsible for providing notice

---

[1]   Unless otherwise specified, capitalized terms used in this memorandum are intended to have the same meaning ascribed to those terms in the Agreement.

1  to the Settlement Class, providing notice of this proposed settlement pursuant to and

2  in accordance with 28 U.S.C. § 1715 (the "Class Action Fairness Act" or "CAFA")

3  (at Colonial Penn's election), providing and disbursing settlement checks to

4  Settlement Class Members who submit a claim form and who do not opt-out,

5  creating and maintaining a Settlement Website, maintaining a toll-free telephone

6  number, preparing an Opt-Out List, preparing a list of persons submitting objections

7  to the Settlement and acting as a liaison between Settlement Class Members and the

8  Parties regarding the Settlement.  Settlement members who submit a timely and valid

9  Claim Form and do not opt-out will receive a pro rata share of the Settlement Fund

10  in the form of a check (after any attorneys' fees and costs awarded by the Court, any

11  Service Award to Class Representative, and any costs of claims administration are

12  deducted from the Settlement Fund).  Plaintiff Mark Cole will receive a Service

13  Award of $10,000.00 (subject to Court approval) for bringing and litigating this

14  action.  Class Counsel will request an attorneys' fee reimbursement award of

15  $1,241,666.67 (i.e., 33 1/3% of the total settlement amount) and litigation costs (not

16  to exceed $50,000), subject to Court approval, to be paid out of the Settlement Fund.

17  Any unclaimed funds from uncashed settlement checks shall be delivered to The

18  Electronic Privacy Information Center ("EPIC") as a *cy pres* recipient, subject to

19  Court approval.  This *cy pres* payment from the Settlement Fund is after all

20  settlement costs and direct payments to the Settlement Class are paid.  Colonial Penn

21  has implemented and will continue to maintain an automated recording disclosure

22  as part of the Settlement.

23      In consideration for the Settlement Fund, Plaintiff, on behalf of the proposed

24  Settlement Class, will enter judgment pursuant to the terms of the Settlement

25  concerning the Action and unconditionally release and discharge Defendant and

26  other Released Parties from all claims relating to the Action.

27      While Plaintiff is confident of a favorable determination on the merits, he has

28  determined that the proposed Settlement provides significant benefits to the

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

2

Settlement Class and is in the best interests of the Settlement Class. Plaintiff also believes that the Settlement is appropriate because Plaintiff recognizes the expense and amount of time required to continue to pursue the Action, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims. Similarly, as evidenced by the Settlement, Colonial Penn believes that it has substantial and meritorious defenses to Plaintiff's claims, but has determined that it is desirable to settle the Action on the terms set forth in the Settlement.

Plaintiff believes that the proposed Settlement is fair, reasonable, and adequate and satisfies all of the criteria for preliminary approval. Accordingly, Plaintiff moves this Court for an order preliminarily approving the proposed Settlement, provisionally certifying the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) ("Rule 23(b)(3)") and Rule 23(e) for settlement purposes, directing dissemination of Class Notice, and scheduling a Final Approval Hearing.

## II. STATEMENT OF FACTS

### A. Factual Background

Colonial Penn is a Philadelphia, PA based life insurance company. Plaintiff's operative Complaint alleges that Colonial Penn violated the California Invasion of Privacy Act, Cal. Penal Code § 630 et seq. ("CIPA") by recording consumers' telephone conversations without the knowledge or consent of all parties to the telephone communication. Plaintiff contends he and the Settlement Class are entitled to statutory damages pursuant to the CIPA. Defendant has vigorously denied and continues to deny that it violated CIPA, including because it had a monitoring disclosure on the Affected Colonial Penn Telephone Numbers prior to the Action being filed, and denies all charges of wrongdoing or liability asserted against it in the Action.

### B. Proceedings to Date

Plaintiff filed the initial class action complaint ("Complaint") on November 20, 2023 in the Superior Court for the State of California, County of Sacramento. In

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

3

the Complaint, Plaintiff alleged a cause of action against Defendant for violation of CIPA. Based on those allegations, Plaintiff sought $5,000 per violation, as well as injunctive relief. Plaintiff's claims were brought on behalf of a class of individuals who alleged that Defendant violated the CIPA by knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record telephone conversations without the knowledge or consent of all parties to the telephone communication. *See Declaration of Todd M. Friedman, ¶ 4.* Defendant removed the Action to the United States District Court for the Eastern District on December 22, 2023. *Friedman Dec. ¶ 5.* Defendant filed its answer on January 26, 2024. *Friedman Dec. ¶ 6.*

For almost two years, the Parties have actively litigated the Action.  Among other things, the Parties have propounded and responded to discovery and exchanged voluminous documents. *Friedman Dec. ¶7.* On June 25, 2024, the Parties attended an all-day mediation with the Honorable Wayne R. Andersen (Ret) of JAMS in Chicago Illinois. Although the matter did not settle on the date of mediation, both sides worked hard for ten months to keep exchanging further information and settlement proposals, gather additional documentation and records including from third parties, and subsequently accepted a mediator's proposal approximately ten months later. *Friedman Dec. ¶¶8,9.* As set forth below, Plaintiff respectfully requests that the Court approve the Settlement.

**C.  Statement of Facts**

**1.    The Settlement Class**

**a.    The Settlement Class**

The "Settlement Class" is defined in the Agreement as follows:

*"All individuals who called any of the Affected Colonial Penn Telephone Numbers from a California area code between November 22, 2022 and January 13, 2024."* (Agreement § 2.1)

Based on data by Colonial Penn and its counsel, the number of unique

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

4

telephone phone numbers called is approximately 47,503.  This data was confirmed by Plaintiff via voluminous discovery. *Friedman Dec. ¶¶17,18.*

### 2.    *Settlement Payment*

Under the proposed Settlement, Defendant agree to establish a non-reversionary Settlement Fund in the amount of $3,725,000 (Agreement § 4.1) in order to fund the following:

(1) providing notice to Settlement Class Members; (2) providing settlement checks to Settlement Class Members entitled to receive a settlement check; (3) creating and maintaining the Settlement Website; (4) maintaining a toll-free telephone number; (5) providing CAFA notice (Agreement § 8.3)[2]; (6) to pay the proposed $10,000 Service Award to the Plaintiff (Agreement § 7; and (7) payment of the proposed Attorneys' Fees of $1,241,666.67 (33 1/3% of the Settlement Fund) and litigation costs of up to $50,000 (Agreement § 6).  *See Friedman Decl*, ¶14.  Any funds remaining after payment of all settlement costs and payments to the Settlement Class shall be paid, subject to Court approval, to the Electronic Privacy Information Center ("EPIC") as a *cy pres* recipient.  (Agreement § 15.5).  EPIC is an appropriate *cy pres* because the organization is a non-profit consumer privacy advocacy organization that aligns closely with the interests of the Settlement Class.

The amount of the Settlement Fund shall not be reduced as a result of any member(s) of the Settlement Class electing to opt out or be excluded from the Settlement or for any other reason. (Agreement § 4.4).

### 3.    Monetary Benefit to Class Members and Class Notice

The Settlement Agreement provides for $3,725,000 in cash benefits (minus settlement costs, attorney's fees, and litigation costs) to Settlement Class Members on a pro rata basis after the claims period.  There are approximately 47,503 Settlement Class Members.  The Claims Administrator will provide notice first via

---

[2] Administration costs are currently estimated at $40,000 and are not expected to exceed $75,000.

First Class U.S. Mail within 30 days of the Preliminary Approval Order. (Agreement § 9.1.4.)  The Claims Administrator will provide email notice to Settlement Class Members for whom it has email addresses and for whom the Claims Administrator does not have a mailing address, or for whom the mail notice was returned as undeliverable. (Agreement § 9.1.6.)  Claim Forms will be on the back of the mail notice and will also be available on the Settlement Website. (Agreement § 9.1.5.) The Settlement Website will be maintained for at least 180 days. (Agreement § 9.2.2).

The Claims Period will commence after the entry of the Preliminary Approval Order and this Claims Period will remain open to all Settlement Class Members to submit a Claim by the last date of the 90-day "Claim Period," which will be sixty (60) days following the first date of mailing, emailing and/or publication of the Class Notice on the Settlement Website. (Agreement § 10.2.1) Class Members who Opt-Out must submit a Valid Exclusion Request postmarked on or before the Opt-Out and Objection Deadline which is sixty (60) days following the first date of mailing, emailing, and/or publication of the Class Notice on the Settlement Website. (Agreement § 11.1 and § 12.1.)

The Class Members who file a Claim Form and do not Opt-Out and/or Object will each receive a pro-rata share.  After fees ($1,241,666.67), costs ($50,000), incentive award ($10,000) and administration expenses (up to $75,000), it is estimated there will be approximately $2,348,333.33 for the Settlement Class to be distributed pro-rata. If each and every one of the 47,503 Settlement Class Members files a Claims Form and does not Opt-Out or Object, then they would each receive approximately $49.44. If 5,000 Settlement Class Members file Claim Forms, they would receive approximately $469.67 each.  If 2,500 Settlement Class Members file Claim Forms, they would receive approximately $939.33 each.

### 4. *Injunctive Relief Benefit to Class Members*

Colonial Penn had a *monitoring* disclosure on the affected phone lines prior to the Action being filed; however, the Parties disagree over whether that was sufficient under CIPA. Colonial Penn has updated its disclosures, and Plaintiff and Class Counsel agree that Defendant's current call announcement that calls may be *recorded* is adequate to obtain consent under CIPA. For any actively used numbers and that are subject to CIPA, Defendant agrees to maintain that existing disclosure, or one of a similar form unless and until (1) CIPA is amended, repealed, or otherwise invalidated by judicial decision as applied to Defendant's practices, or (2) Defendant provides notice of recording or obtains consent by other means. *See Friedman Decl*, ¶15.

### 5. Scope of Release

The scope of the release by all Settlement Class Members who do not request exclusion includes all claims alleged in the operative complaint and any unpled claims that could have been alleged based on the same or similar facts as alleged in the operative complaint which occurred during the Class Period, pertaining to CIPA or any other law, statutory or common law, which provides a cause of action or remedy for recording of the Eligible Calls. (Agreement §§ 1.25, 1.26, 1.27 and 16). The release covers known and unknown claims in connection with the Eligible Calls during the Class Period. There is a release of unknown claims pursuant to California Civil Code § 1542 insofar as the claims relate to the subject matter of this Action, i.e. the recording of telephone calls from telephone numbers with a California area code to Colonial Penn. (Agreement §16.2.)

### 6. Opportunity to Opt-Out and Object

As explained before, Settlement Class Members who Opt-Out must postmark before the Opt-Out Deadline, which will be 60 days following the Class Notice (Agreement § 11); and the deadline to Object will also be 60 days following Class Notice (Agreement § 12). Any Settlement Class Member who does not opt out and

1    objects to the proposed settlement must mail his or her objection(s) in writing Clerk
2    of the Court, Class Counsel and Defendant's Counsel. To be considered timely, an
3    Objection must be postmarked on or before the Opt-Out and Objection Deadline
4    specified on the Settlement Website, which will be 60 days following Class Notice.
5    (*Id*.)  Any Objection must set for the name and case number of this matter, the
6    objecting Settlement Class Member's name, address, telephone number and all
7    arguments, citations and evidence supporting the objection.  Furthermore, the
8    Objection shall include: whether the objector intends to appear at the hearing, with
9    or without counsel; the name and case number of any other proposed class action
10   settlement the Settlement Class Member submitted an objection to; and whether any
11   such objection was submitted on the Settlement Class Member's behalf or on behalf
12   of a represented third party.  (Id.)

### 7.    Payment of Notice and Administrative Costs

14        After final judgment is issued, Colonial Penn will make a single payment of
15   $3,725,000 into an escrow account held by the Settlement Administrator.
16   (Agreement § 4).  The Settlement Administrator will use these funds to administer
17   all costs of the settlement, including providing Class Notice, providing CAFA
18   notice, maintaining the website and toll-free number and arranging for payments to
19   Settlement Class Members.  (Id.)  The funds shall also be used to cover Attorneys'
20   Fee Award to Class Counsel and the Service Award to plaintiff Mark Cole.  (*Id*.)

### 8.    Class Representative's Application for Service Award

22        The proposed Settlement contemplates that Class Counsel will request a
23   Service Award in the amount of $10,000 to be distributed to Plaintiff for his service
24   as Class Representative, subject to Court approval.  Colonial Penn has agreed not
25   to oppose the request as long as it is not greater than $10,000.  (Agreement § 7).

### 9.    Class Counsel's Application for Attorneys' Fees, Costs and Expenses

28        The proposed Settlement contemplates that Class Counsel shall apply to the

1   Court for an award of attorneys' fees in the amount of $1,241,666.67 (33 1/3% of

2   the Settlement Fund) and litigation costs of less than $50,000. (Agreement § 6.)

3                **10.    Cy Pres Distribution.**

4           Under the proposed Settlement, any funds remaining after payment of all

5   settlement costs and payments to the Settlement Class shall be paid to a *cy pres*

6   recipient. (Agreement § 15.5). The Parties propose EPIC, which is an appropriate

7   *cy pres* because it is a non-profit consumer privacy advocacy organization that is

8   closely aligned to the issues in this litigation and will aid the privacy interests of the

9   Settlement Class. Since the distribution is pro-rata for those who file Claim Forms,

10  this *cy pres* distribution is not expected to be substantial.

11  **III.    ARGUMENT**

12          **A.    The Legal Standards for Preliminary Approval of a Class Action**

13                 **Settlement**

14          A class action may not be dismissed, compromised or settled without the

15  approval of the court. Fed. R. Civ. Proc. 23(e). Judicial proceedings under Rule 23

16  have led to a defined procedure and specific criteria for settlement approval in class

17  action settlements, described in the *Manual for Complex Litigation* (Fourth) (Fed.

18  Judicial Center 2004) ("*Manual*") § 21.63, *et seq.*, including preliminary approval,

19  dissemination of notice to class members, and a fairness hearing. *Manual*,

20  §§ 21.632, 21.633, 21.634. The purpose of the Court's preliminary evaluation of the

21  settlement is to determine whether it is within the "range of reasonableness," and

22  thus whether notice to the class of the terms and conditions of the settlement, and

23  the scheduling of a formal fairness hearing, are worthwhile. *See* 4 Herbert B.

24  Newberg, *Newberg on Class Actions* § 11.25 *et seq*., and § 13.64 (4th ed. 2002 and

25  Supp. 2004) ("*Newberg*"). The Court is not required to undertake an in-depth

26  consideration of the relevant factors for final approval. Instead, the "judge must

27  make a preliminary determination on the fairness, reasonableness, and adequacy of

28  the settlement terms and must direct the preparation of notice of the certification,

1  proposed settlement, and date of the final fairness hearing." *Manual*, § 21.632 (4th

2  ed. 2004).

3  　　　As a matter of public policy, settlement is a strongly favored method for

4  resolving disputes. *See Utility Reform Project v. Bonneville Power Admin.*, 869 F.2d

5  437, 443 (9th Cir. 1989). This is especially true in class actions such as this. *See*

6  *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615 (9th Cir. 1982). As a

7  result, courts should exercise their discretion to approve settlements "in recognition

8  of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc.*

9  *Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995). To make the

10 preliminary fairness determination, courts may consider several relevant factors,

11 including "the strength of the plaintiff's case; the risk, expense, complexity, and

12 likely duration of further litigation; the risk of maintaining class action status through

13 trial; the amount offered in settlement; the extent of discovery completed and the

14 stage of the proceedings; [and] the experience and views of counsel . . . ." *See*

15 *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("*Hanlon*").

16 Furthermore, courts must give "proper deference to the private consensual decision

17 of the parties," since "the court's intrusion upon what is otherwise a private

18 consensual agreement negotiated between the parties to a lawsuit must be limited to

19 the extent necessary to reach a reasoned judgment that the agreement is not the

20 product of fraud or overreaching by, or collusion between, the negotiating parties,

21 and that the settlement, taken as a whole, is fair, reasonable and adequate to all

22 concerned." *Id.* at 1027.

23 　　　Preliminary approval does not require the Court to make a final determination

24 that the settlement is fair, reasonable, and adequate. Rather, that decision is made

25 only at the final approval stage, after notice of the settlement has been given to the

26 class members and they have had an opportunity to voice their views of the

27 settlement or to exclude themselves from the settlement. *See* 5 James Wm. Moore,

28 *Moore's Federal Practice – Civil* § 23.165[3] (3d ed.). Thus, in considering a

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

1  potential settlement, the Court need not reach any ultimate conclusions on the issues

2  of fact and law which underlie the merits of the dispute, *West Va. v. Chas. Pfizer &*

3  *Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits,

4  *Officers for Justice v. Civil Service Comm'n,* 688 F.2d at 625. Preliminary approval

5  is merely the prerequisite to giving notice so that "the proposed settlement . . . may

6  be submitted to members of the prospective class for their acceptance or rejection."

7  *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp.

8  364, 372 (E.D. Pa. 1970).

9      Preliminary approval of the settlement should be granted if, as here, there are

10  no "reservations about the settlement, such as unduly preferential treatment of class

11  representatives or segments of the class, inadequate compensation or harms to the

12  classes, the need for subclasses, or excessive compensation for attorneys." *Manual*

13  *for Complex Litigation* § 21.632, at 321 (4th ed. 2004).

14      Furthermore, the opinion of experienced counsel supporting the settlement is

15  entitled to considerable weight. *See., e.g.*, *Kirkorian v. Borelli*, 695 F.Supp. 446

16  (N.D. Cal.1988) (opinion of experienced counsel carries significant weight in the

17  court's determination of the reasonableness of the settlement); *Boyd v. Bechtel*

18  *Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs'

19  counsel should be given a presumption of reasonableness).

20      The decision to approve or reject a proposed settlement "is committed to the

21  sound discretion of the trial judge[.]" *See Hanlon*, 150 F.3d at 1026. This discretion

22  is to be exercised "in light of the strong judicial policy that favors settlements,

23  particularly where complex class action litigation is concerned," which minimizes

24  substantial litigation expenses for both sides and conserves judicial resources. *See*

25  *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quotations

26  omitted).

27      Based on these standards, Plaintiff respectfully submits that, for the reasons

28  detailed below, the Court should preliminarily approve the proposed Settlement as

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

11

fair, reasonable and adequate.

**B.**    **Liability is Highly Contested and Both Sides Face Significant Challenges in Litigating this Case**

Defendant Colonial Penn has vigorously contested the claims asserted by Plaintiff in this Action.  While both sides strongly believed in the merits of their respective cases, there are risks to both sides in continuing the Action.  *See Friedman Decl*, ¶¶ 42-44.    In considering the Settlement, Plaintiff and Class Counsel carefully balanced the risks of continuing to engage in protracted and contentious litigation against the benefits to the Settlement Class.  As a result, Class Counsel supports the Settlement and seeks its Preliminary Approval.  *Id.*

Similarly, Colonial Penn believes that it has strong and meritorious defenses not only to the action as a whole, but also as to class certification and the amount of damages sought.

The negotiated Settlement reflects a compromise between avoiding that risk and the risk that the class might not recover.  Because of the costs, risks to both sides, and delays of continued litigation, the Settlement presents a fair and reasonable alternative to continuing to pursue the Action.

**C.**    **Defendant's Agreement to Finance the Settlement Fund Provides a Fair and Substantial Benefit to the Class**

As set forth above, Defendant has agreed to pay $3,725,000 to fund the settlement, which includes notice and claims administration costs, creating and maintaining a Settlement Website and toll free number, providing CAFA notice, an Service Award to Plaintiff Mark Cole in the amount of $10,000, and attorneys' fees in the amount of no more than $1,241,666.67 and reimbursement of litigation costs of up to $50,000. *See Friedman Decl*, ¶¶ 27-29.

**D.**    **The Settlement was Reached as the Result of Arms-Length Negotiation, Without Collusion, with the Assistance of the Mediator**

PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

12

The proposed Settlement is the result of intensive arms-length negotiation, including an all-day mediation session before the Honorable Wayne R. Andersen (Ret) of JAMS on June 25, 2024. The Parties did not resolve the case at the mediation on June 25, 2024, but subsequently resolved the matter over the course of ten additional months of negotiation and further discussions thereafter with the assistance of Judge Andersen. *See Friedman Decl*, ¶¶ 8,9. Class Counsel are satisfied that the discovery provided about the number of unique telephone numbers and telephone calls which were recorded is accurate, as it was authenticated via discovery and numerous detailed calls and exchanges, as well as third party verification. The time and effort spent examining and investigating the claims militate in favor of preliminary approval of the proposed Settlement, as the process strongly indicates that there was no collusion. *See In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair."). The Ninth Circuit has long supported settlements reached by capable opponents in arms' length negotiations.

In *Rodriguez v. West Publishing Corp*., 563 F.3d 948 (9th Cir. 2009), the Ninth Circuit expressed the opinion that courts should defer to the "private consensual decision of the [settling] parties." *Id*. at 965 (citing *Hanlon*, 150 F.3d at 1027 (9th Cir. 1998)); *See also M. Berenson Co*., 671 F. Supp. at 822; *Ellis*, 87 F.R.D. at 18 ("that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight"); 2 Newberg on Class Actions § 11.24 (4th Ed. & Supp. 2002); Manual for Complex Lit., Fourth § 30.42; *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)); *Lundell v. Dell, Inc*., 2006 WL 3507938 (N.D. Cal. Dec. 5, 2006). In *Hanlon*, the Ninth Circuit also held that where settlement terms are reached through formal mediation, the Court may rely upon the mediation proceedings "as independent confirmation that the fee was not the result of

collusion or a sacrifice of the interests of the class." *Hanlon*, 150 F.3d at 1029; *see also Milliron v. T-Mobile USA, Inc*., 2009 WL 3345762, at *5 (D.N.J. Sept. 14, 2009) (holding that "the participation of an independent mediator in settlement negotiation virtually insures that the negotiations were conducted at arm's length and without collusion between the parties"); *Sandoval v. Tharaldson Emp. Mgmt., Inc*., 2010 WL 2486346, at *6 (C.D. Cal. June 15, 2010) ("the assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive"); *Dennis v. Kellogg Co.*, 2010 WL 4285011, at *4 (S.D. Cal. Oct. 14, 2010) (the parties engaged in a "full-day mediation session," which helped to establish that the proposed settlement was non-collusive); 2 *McLaughlin on Class Actions*, § 6:7 (8th ed.) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion").

## E.    The Experienced Counsel Have Determined that the Settlement is Appropriate and Fair to the Settlement Class

The Parties are represented by counsel experienced in complex class action litigation. Class Counsel has extensive experience in class actions, as well as particular expertise in class actions relating to consumer protection, including actions under CIPA . *See Friedman Decl*, ¶¶ 47-52; Declaration of Zev Zysman at ¶ 14.  Class Counsel believe that under the circumstances, the proposed Settlement is fair, reasonable and adequate and in the best interests of the Class Members. *See Friedman Decl*, ¶¶ 41-43; Zysman Decl. ¶¶ 10-16 .

## F.    The Court Should Preliminarily Certify the Class for Purposes of Settlement

Courts have long acknowledged the propriety of class certification for purposes of a class action settlement. *See In re Wireless Facilities*, 253 F.R.D. at 610 ("Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes"). Certification of a class for settlement purposes requires a determination that certain requirements of

Rule 23 are met. *Id.*  As explained below, class certification is appropriate here because the proposed Settlement meets the requirements of Rule 23(a) and Rule 23(b)(3) for settlement purposes.

### G.    **The Proposed Settlement Class is Numerous.**

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be impracticable. "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).  Here, the Settlement Class consists of approximately 47,503 people that placed an Eligible Call with Colonial Penn during the Class Period.  Thus, the proposed Settlement Class is sufficiently numerous for purposes of certifying a settlement class.

### H.    **The Commonality Requirement is Satisfied, Because Common Questions of Law and Fact Exist.**

The commonality requirement is met if there are questions of law and fact common to the class. *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.").  Here, for purposes of settlement, the proposed Settlement Class Members' claims stem from the same factual circumstances, specifically that Colonial Penn participated in telephone calls with Settlement Class Members and allegedly did not timely inform them that the calls were being recorded.

Plaintiff's claims also present questions of law that are common to all members of the Settlement Class for settlement purposes, including: (1) whether Colonial Penn violated CIPA; and (2) whether Colonial Penn's consumers consented to their calls being recorded.  The Settlement Class Members all seek the same remedy.  Under these circumstances, the commonality requirement is satisfied for purposes of certifying a settlement class. *See Hanlon,* 150 F. 3d at 1019-20.

## I.    The Typicality Requirement is Met.

The typicality requirement is met if the claims of the named representatives are typical of those of the class, though "they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. For purposes of settlement, Plaintiff's claims are typical of the class because they arise from the same factual basis – calls with Plaintiff's telephone were recorded without consent – and are based on the same legal theory – the calls allegedly violated CIPA. *See Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987). The Class Representative claims that he called Colonial Penn from a California area code and participated in a call with Colonial Penn where Colonial Penn purportedly did not disclose that the call was being recorded. Accordingly, the Class Representative's claims are typical of those of the Settlement Class. Thus, the typicality requirement is satisfied for purposes of certifying a settlement class.

## J.    The Adequacy Requirement is Satisfied.

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court must measure the adequacy of representation by two standards: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003)).

Plaintiff and Class Counsel have no conflicts of interest with other Settlement Class Members because, for purposes of the Settlement, Plaintiff's claims are typical of those of other Settlement Class Members. In addition, Plaintiff and Class Counsel have been prosecuting this Action vigorously on behalf of the class. Plaintiff and Settlement Class Members share the common goal of protecting and improving consumer and privacy rights throughout the nation, and there is no conflict among them. Class Counsel have extensive experience in consumer

litigation, including the prosecution of class actions seeking to protect privacy and consumer rights, including CIPA actions.  Class Counsel is qualified to represent the interests of the class. Rule 23(a)(4) is therefore satisfied for purposes of certifying a settlement class.

**K.    Common Questions Predominate, Sufficient to Certify a Class for Settlement Purposes Only.**

Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).  The inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation." *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152, 1162 (9th Cir. 2001).* Central to this question is "'the notion that the adjudication of common issues will help achieve judicial economy.'" *Zincser v. Accufix Research Institute, Inc*., 253 F.3d 1188, 1189 (9th Cir. 2001) (citation omitted), amended, 273 F. 3d 1266 (9th Cir. 2001).

Here the central inquiry for purposes of the proposed Settlement is whether Colonial Penn violated CIPA by participating in telephone calls with Settlement Class Members and purportedly failing to disclose that the calls were being recorded. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

**L.    Class Treatment for Settlement Purposes is Superior to Individual Resolutions.**

To determine whether the superiority requirements of Rule 23(b)(3) are satisfied, a court must compare a class action with alternative methods for adjudicating the parties' claims. Lack of a viable alternative to a class action necessarily means that a class action satisfies the superiority requirement. "[I]f a

comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied." *Culinary/Bartenders Trust Fund*, 244 F.3d at 1163. *See also, Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("a class action is a superior method for managing litigation if no realistic alternative exists").

Consideration of the factors listed in Rule 23(b)(3) supports the conclusion that, for purposes of a settlement class, certification is appropriate. Ordinarily, these factors are (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

However, when a court reviews a class action settlement, the fourth factor does not apply. In deciding whether to certify a settlement class action, a district court "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prods. Inc. v. Woodward*, 521 U.S. 591, 620 (1997). "With the settlement in hand, the desirability of concentrating the litigation in one forum is obvious . . . ." *Elkins v. Equitable Life Ins. of Iowa*, No. Civ A96-296-Civ-T-17B, 1998 WL 133741, at *20 (M.D. Fla. Jan. 27, 1998); *see also Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 697 (M.D. Fla. 2005) (Rule 23(b)(3)(C) and (D) factors are "'conceptually irrelevant in the context of settlement'") (citation omitted). Here, the Rule 23(b)(3)(A), (B) and (C) factors all favor class certification:

- Any Settlement Class Member who wishes to pursue a separate action can opt out of the Settlement.
- The Parties are unaware of any competing litigation regarding claims at issue.

- Plaintiff believes this forum is appropriate, and Defendant does not oppose the forum.

**M.    The Proposed Class Notice is Consistent with Ninth Circuit Requirements and Provides Adequate Notice for Claims, Objections and Opt Outs.**

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must order the "best notice practicable" under the circumstances. Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon*, 150 F.3d at 1025.

Pursuant to Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Rule 23(c)(2)(B) also sets forth requirements as to the content of the notice. The notice must concisely and clearly state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

The Settlement Administrator shall disseminate or arrange for the dissemination of Class Notice via postcard and/or email in a form materially consistent with Exhibit 1-C and 1-D to the Agreement. The Class Notice here satisfies each of the requirements of Rule 23(c)(2)(B) above. Further, mailed

postcard and email notice have routinely been held to be adequate notice to a Settlement Class. *See Schaffer v. Litton Loan Servicing, LP*, CV 05-07673 MMM JCX, 2012 WL 10274679, at *8 (C.D. Cal. Nov. 13, 2012) (approving notice plan where class members were sent postcards that directed them to a settlement website); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS MDD, 2012 WL 1932283, at *1 (S.D. Cal. May 29, 2012) (final approval of class settlement using postcard notice and settlement website).

The Parties possess records of the telephone numbers involved during the class period.  Colonial Penn maintains name and address information for many of these individuals.  For those for whom a valid address is not maintained by Colonial Penn, the Settlement Administrator will employ reverse telephone look-up procedures to identify the names and physical and email addresses associated with the telephone numbers identified on the Settlement Class list.  The Settlement Administrator will run the names and addresses obtained via this process through the National Change of Address (NCOA) database.  To the extent any physical addresses identified through reverse look-up are no longer valid, the Settlement Administrator will send Class Notice to any forwarding addresses that are provided. *See generally Barani v. Wells Fargo Bank, N.A.*, Case No. 12CV2999-GPC KSC, 2014 WL 1389329, at *10 (S.D. Cal. Apr. 9, 2014) (approving settlement in TCPA class action using reverse lookup to locate class members).

Further, the Settlement Website, which will contain the Q & A Notice (Ex. 1-E to the Agreement), the Claim Form (Ex. 1-A to the Agreement), the Settlement Agreement, the Preliminary Approval Order, Plaintiff's fee brief and an online submission for Claims Forms.  Further, pursuant to the Agreement "any other materials the Parties agree to include" may be put on the Settlement Website. (Agreement § 9.2.2).

The notices and settlement documents will be disseminated and posted on the Settlement Website sufficiently prior to the Final Approval Hearing to give

Settlement Class Members the opportunity to comment on the Settlement, or to opt out and preserve their rights. Specifically, Settlement Class Members will have 60 days from the time dissemination of Class Notice has been completed to opt out of the settlement or object. *Cf. Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1374-1375 (9th Cir. 1993) (31 days is more than sufficient, as Class as a whole had notice adequate to flush out whatever objections might reasonably be related to the settlement) (citing *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) (approving timing of notice which was mailed 26 days before the deadline for opting out of the settlement)). Further, the Settlement Website shall be maintained and accessible to Settlement Class Members during this time and through the conclusion of the settlement proceedings in this case.

This notice program was designed to meaningfully reach the largest number of Settlement Class Members possible. Since the calls at issue were made within the past couple years and Colonial Penn has names and addresses correlating with a substantial percentage of the Settlement Class Members, mailed postcard and email notice will likely reach most Settlement Class Members.[3]

The concurrent dissemination of the Q & A Notice on the Settlement Website, combined with Mail and/or Email Notice, satisfies the requirements of due process and constitutes the best notice practicable under the circumstances.

The Settlement Administrator shall prepare and file a declaration prior to the Final Approval Hearing certifying that the notice program has been properly administered in accordance with the Settlement Agreement, this Court's Orders, and as described herein.

---

[3] While the actual reverse lookup procedure has to be conducted to be certain of this, Class Counsels' experience is that in similar settlements, with similar notice programs, it is customary for 80-95% of the Class to be directly reached by such a notice program.

1
2

**N.**    **The Court Should Preliminarily Certify the Class for Purposes of Settlement.**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

"[T]wo criteria for determining the adequacy of representation have been recognized. First, the named representatives must appear able to prosecute the action vigorously through qualified counsel, and second, the representatives must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). The adequacy of representation requirement is met here.  For settlement purposes, Class Counsel moves for Plaintiff Mark Cole to be preliminarily appointed as the Settlement Class Representative.  Class Counsel requests that Todd M. Friedman and Adrian Bacon of The Law Offices of Todd M. Friedman, P.C., and Zev B. Zysman from the Law Offices of Zev B. Zysman, APC, preliminarily be appointed as Class Counsel for purposes of the Settlement.  Plaintiff's counsel has extensive experience sufficient to be appointed as Class Counsel.  Plaintiff Cole understands the obligations of serving as a class representative, has adequately represented the interests of the putative class, and has retained experienced counsel.  Plaintiff has no antagonistic or conflicting interests with the Settlement Class, and all members of the Settlement Class are eligible to receive the same benefits.

19
20

**O.**    **The Court Should Appoint Simpluris as the Settlement Administrator**

21
22
23
24
25

The proposed Agreement recommends that the Court appoint Simpluris to serve as the Settlement Administrator.  Simpluris specializes in providing administrative services in class action litigation, and has extensive experience in administering consumer protection and privacy class action settlements.  Defendant does not oppose this request.

26

**P.**    **Final Approval Hearing Should be Scheduled**

27
28

The last step in the settlement approval process is the formal fairness or Final Approval Hearing, at which time the Court will hear all evidence and argument, for

and against, the proposed Settlement. Plaintiff requests that the Court grant preliminary approval of the Settlement and schedule a Final Approval Hearing to be held not before 130 days after the date of entry of the Preliminary Approval Order, in order to allow sufficient time for providing CAFA Notice, the toll-free number and the Settlement Website, and completion of the period for class members to submit exclusion requests, objections and claims.

**IV.    CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order preliminarily approving the proposed Settlement and certifying a class for settlement purposes.

Date: July 18, 2025                     **The Law Offices of Todd M. Friedman, PC**

By: _/s/ Todd M. Friedman_
Todd M. Friedman
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

Filed electronically on this 18th day of July, 2025, with:

United States District Court CM/ECF system

Notification sent electronically on this 18th day of July, 2025, to:

Honorable Judge Dena M. Coggins
United States District Court
Central District of California

Rachel Lowe, Esq.
Kathy J. Huang, Esq.
Alston & Bird LLP
350 South Grand Avenue, 51st Floor
Los Angeles, California 90071

<u>s/Todd M. Friedman</u>
Todd M. Friedman, Esq.