LAW OFFICES OF ZEV B. ZYSMAN
A Professional Corporation
Zev B. Zysman (176805)
zev@zysmanlawca.com
15760 Ventura Boulevard, Suite 700
Encino, CA 91436
Telephone: (818) 783-8836

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd. Suite 340
Woodland Hills, CA 91364
Phone: 877-619-8966
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK COLE, on behalf of himself and all other similarly situated and aggrieved,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-02993- DC-AC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Assigned to the Hon. Dena M. Coggins<br><br>**DATE:    SEPTEMBER 19, 2025<br>TIME:    1:30 PM<br>COURTROOM: 8** |

Plaintiff Mark Cole's ("Plaintiff") unopposed Motion for Preliminary Approval of a Class Action Settlement and Certification of a Settlement Class ("Motion") came on for hearing on _____ at _____ before this Court. The

Motion attaches and incorporates a class action settlement agreement (the "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims on a class wide basis (the "Settlement"), against Defendant Colonial Penn Life Insurance Company ("Colonial Penn" or "Defendant") (Plaintiff and Defendant are collectively referred to herein as the "Parties."). The Court, having reviewed and considered the Motion and the Parties' Settlement Agreement, including the exhibits attached thereto, HEREBY GRANTS PLAINTIFF'S MOTION AND FINDS AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the Settlement Class Members described below.

2. The Court adopts the definitions set forth in the Settlement Agreement and all defined words or phrases used in this Order shall have the same meaning as in the Settlement Agreement.

### Preliminary Approval of Proposed Settlement

3. The Court has reviewed the terms of the Parties' Settlement Agreement and preliminarily finds that the Settlement appears sufficiently fair, reasonable, and adequate to warrant dissemination of Class Notice of the proposed settlement and scheduling a formal fairness hearing. The Court finds that (a) the Settlement contains no obvious deficiencies and that the Parties entered into the Settlement in good faith, following arm's length negotiations involving their respective experienced counsel, with the assistance of mediator the Honorable Wayne R. Andersen (Ret.); (b) the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class, especially considering the risks and delay of continued litigation; (c) the Settlement meets all applicable requirements of law, including Rule 23 of the Federal Rule of Civil Procedure and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Colonial Penn.

### Certification of Settlement Class

4.  The Court preliminarily approves the following class for settlement purposes only pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure:

> *"All individuals who called any of the Affected Colonial Penn Telephone Numbers from a California area code between November 22, 2022 and January 13, 2024."*

Membership in the Settlement Class consists exclusively of individuals included on the list to be provided by Defendants to the Claims Administrator, as set forth in the Settlement Agreement.

Excluded from the Settlement Class are (a) Defendant, any entity in which the Defendant has a controlling interest, and the Defendant's officers, directors, legal representatives, successors, parent companies, subsidiaries, affiliates, and assigns; (b) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; and (c) any individual who timely and validly opts out of the Settlement.

5.  The Court finds that, for the purpose of settlement only, the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class. Joinder of all class members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among class members and predominate over questions affecting individual class members. Plaintiff's claims are typical of those of the Settlement Class Members. Plaintiff and his counsel will fairly and adequately protect the interests of the Settlement Class. Plaintiff has no interest antagonistic to those of the Settlement Class and has retained counsel experienced and competent to prosecute this matter on behalf of the class. Finally, a class settlement is superior to other available methods for a fair resolution of the controversy.

6.  For purposes of settlement only, the Court appoints Plaintiff Mark Cole to serve as class representative. Further, pursuant to Rule 23(g)(1) of the Federal

Rules of Civil Procedure, the Court appoints Todd M. Friedman and Adrian R. Bacon of The Law Office of Todd M. Friedman, P.C. and Zev Zysman of Law Offices of Zev B. Zysman to serve as Class Counsel.

### Notice and Administration

7. Pursuant to Rule 23(c)(2)(B) and Rule 23(e) of the Federal Rules of Civil Procedure, the Court orders that the Settlement Class be given notice of the pendency of this action and the Parties' proposed Settlement. The Court finds that the Notice Program set forth in Section 9 of the Settlement Agreement (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Lawsuit and of their right to object or to exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements as set forth by law. Thus, the Court adopts and incorporates the Notice Program set forth in the Settlement Agreement into this Order.

8. The Court approves the Claim Form, Email Notice, Mail Notice, and Q & A Notice, which are attached as Exhibits 1-B, 1-C, 1-D and 1-E to the Agreement. The Court also approves the creation of a Settlement Website by Simpluris. The Parties, by agreement, may revise the Claim Form and Notice Forms in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting, consistent with this Order.

9. The Court appoints Simpluris, Inc. as Claims Administrator to disseminate notice to the Settlement Class and administer the settlement. The Court orders Simpluris, Inc. to: (i) create the Settlement Website; (ii) complete dissemination of the Class Notice to the Settlement Class by 30 days after preliminary approval; (iii) file proof of the dissemination of the Class Notice to the Settlement Class at least fourteen (14) days before the Final Approval Hearing; (iv) establish a post office box in Simpluris, Inc's name to be used for receiving opt-out requests, objections, notices of intention to appear, and any other communications

from Settlement Class Members; (v) promptly furnish Class Counsel, Defendant's Counsel, and Defendants with copies of any and all Valid Exclusion Requests, Objections, notices of intention to appear, or other communications from Settlement Class Members that come into its possession; and (vi) provide the opt-out list to Class Counsel and Defendant's Counsel no later than seven (7) days after the opt-out period and file a declaration with the Court at least fourteen (14) days before the Final Approval Hearing attesting to the completeness and accuracy thereof.

10. The Court orders the Claims Administrator to provide a list of objectors to Class Counsel and Defense Counsel no later than seven (7) days after the deadline to object to the settlement, and then file a declaration with the Court at least fourteen (14) days before the Final Approval Hearing attesting to the completeness and accuracy thereof and attaching a copy of all objections received.

11. The Court sets a Final Approval Hearing on _____ to consider the fairness, reasonableness, and adequacy of the proposed Settlement and determine whether it should finally be approved by the Court. At that time, the Court will hear any applications for the Attorneys' Fee Award and/or the Service Award.

12. The Court sets _____ as the deadline for filing the final approval motion and the application for the Attorneys' Fee Award.

13. The Court sets _____, 2025 as the deadline by which Settlement Class Members must submit any: (i) request for exclusion from the Settlement Class; or (ii) objection to the Settlement or to the Attorneys' Fee Award. The procedures and requirements for opting out of the Settlement Class or objecting to the Settlement or to the Attorneys' Fee Award are set forth below.

14. The Court sets _____ as the deadline for filing any reply memorandum in further support of final approval of the proposed Settlement or the Attorneys' Fee Award application.

15. The Court orders that any Settlement Class Member who wishes to exclude him/herself from the Settlement Class must mail a Valid Exclusion Request to the Settlement Administrator no later than sixty (60) days following the first date

of mailing, emailing and/or publication of the Class Notice on the Settlement Website. Any Settlement Class Member who does not submit a Valid Exclusion Request from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release set forth in Section 16 of the Settlement Agreement.

16. The Court orders that any Settlement Class Member who does not exclude him/herself from the Settlement Class and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement or to the Attorneys' Fee Award must mail no later than sixty (60) days following the first date of mailing, emailing and/or publication of the Class Notice on the Settlement Website an Objection signed by the Settlement Class Member. The Objection shall contain all of the following information: (i) the objector's full name, address, email, and mobile telephone number from which he or she called Colonial Penn; (ii) a written statement of all grounds for the objections accompanied by any legal support for such objections; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a written statement as to whether the objector intends to appear at the Final Approval Hearing; (v) a statement setting forth any other objections submitted by the objector, or the objector's counsel, to any class action settlement submitted in any court, whether state, federal or otherwise, in the United States; and (vi) if the objector intends to appear at the Final Approval Hearing through counsel, the objection must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing. Any Settlement Class Member who does not submit an Objection in accordance with the procedures stated herein shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

17. The Court orders that any Settlement Class Member who submits an Objection must mail a copy of the Objection to Class Counsel and Defendant's Counsel and to the Clerk of the Court no later than sixty (60) days following the

PAGE 6 OF 7

first date of mailing, emailing and/or publication of the Class Notice on the Settlement Website.

18. The Court orders that any Settlement Class Member, who intends to make an appearance at the Final Approval Hearing, enter that appearance no later than thirty (30) days before the Final Approval Hearing.

19. The Court orders that any attorney hired by a Settlement Class Member for the purpose of objecting to this Settlement or to the Attorneys' Fee Award will be at the Settlement Class Member's sole expense.

**IT IS SO ORDERED.**

Dated: _____, 2025                              _____
                                                    Honorable Dena Coggins
                                                    United States District Court Judge